```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
TEAMSTERS LOCAL NO. 807, TRUCK
DRIVERS, WAREHOUSEMEN,
EXPOSITION, CONVENTION, and               MEMORANDUM AND ORDER
TRADESHOW EMPLOYEES, GREATER
NEW YORK VICINITY AND                     21 Civ. 7279 (NRB)
METROPOLITAN AREA, I.B.T,

                   Petitioner,

         - against -

SHOWTIME ON THE PIERS, LLC,

                   Respondent.

-------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Petitioner Teamsters Local No. 807, Truck Drivers, Warehousemen, Exposition, Convention, and Tradeshow Employees, Greater New York Vicinity and Metropolitan Area, I.B.T. ("Teamsters" or "petitioner") has filed this motion for confirmation of an arbitration award. Respondent Showtime on the Piers, LLC ("Showtime" or "respondent") has not opposed the motion or otherwise appeared in this action. For the following reasons, the motion is granted.

## BACKGROUND

Petitioner is a union that functions as the "collective bargaining representative of certain of Respondent's employees." Petition ¶ 8. Petitioner and respondent are parties to a

collective bargaining agreement ("CBA"), which "provides for benefits to bargaining unit employees." Id. ¶¶ 11-13. Pursuant to the CBA, respondent agreed to pay sick pay, distribution pay, and vacation pay for the bargaining unit employees. Id. ¶¶ 14-18. The CBA further provides that disputes that are not resolved between the parties are to be resolved through arbitration from a set panel of agreed upon arbitrators. Id. ¶ 20.

Following a demand by petitioner for payment of unpaid sick pay, distribution pay, and vacation pay, petitioner filed a grievance under the CBA. Id. ¶ 22. Respondent neither responded to the grievance nor made any of the requested payments, which resulted in petitioner submitting the grievance to one of the agreed upon arbitrators listed in the CBA. Id. ¶¶ 23-24. Respondent was notified of the alleged violation of the CBA and of the arbitration both by petitioner as well as by the arbitrator. Id. ¶¶ 25-26. On May 11, 2021, an arbitration hearing was held remotely in which a representative of petitioner and petitioner's counsel appeared. Id. ¶ 27. Respondent neither appeared nor had counsel appear on its behalf. Id. ¶ 28. On May 24, 2021, the arbitrator issued an award in favor of petitioner, directing respondent to pay a total of $34,963.82. Id. ¶¶ 29-30.

On June 11, 2021, petitioner served a copy of the award on a representative of respondent by email and certified mail. Id. ¶ 31. Respondent has failed to pay any of the amount due under the arbitration award. Id. ¶ 32. On August 30, 2021, petitioner filed the motion to confirm the arbitration award with this Court pursuant to the Federal Arbitration Act and Section 301 of the Labor Management Relations Act ("LMRA"). See Motion to Confirm Arbitration Award and Entry of Judgment (ECF No. 1).

## DISCUSSION

Courts generally treat unopposed motions to confirm arbitration awards "akin to [an unopposed] motion for summary judgment based on the movant's submissions," as "default judgments in confirmation/vacatur proceedings are generally inappropriate." D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 109 (2d Cir. 2006). Summary judgment is granted only where the movant has shown that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant "always bears the initial responsibility of informing the district court of the basis for its motion," as well as the basis for any absence of material fact in dispute. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Courts must "construe the evidence in the light most favorable to the non-moving party,

and draw all reasonable inferences in its favor." Gilman v. Marsh & McLennan Cos., Inc., 826 F.3d 69, 73 (2d Cir. 2016). "[T]he party opposing summary judgment may not merely rest on the allegations or denials of his pleading; rather his response, by affidavits or otherwise as provided in the Rule, must set forth specific facts demonstrating that there is a genuine issue for trial." Wright v. Goord, 554 F.3d 255, 266 (2d Cir. 2009).

"Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." D.H. Blair & Co., 462 F.3d at 110 (internal quotation marks and citation omitted). "[R]eview of an arbitration award under the LMRA is . . . very limited." Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n, 820 F.3d 527, 536 (2d Cir. 2016) (internal quotation marks and citation omitted). Where there is "a barely colorable justification for the outcome reached," a court will confirm the award. Landy Michaels Realty Corp. v. Local 32B-32J, Service Employees Intern. Union, AFL-CIO, 954 F.2d 794, 797 (2d Cir. 1992).

Petitioner has provided the Court with the CBA and the arbitration award and has sufficiently supported its petition and

demonstrated the lack of any material fact in dispute. See Declaration of Christopher S. Baluzy in Support of the Petition to Confirm an Arbitration Award Exs. A, B (ECF Nos. 5-1, 5-2). Respondent has failed to appear and has not submitted any opposition. Accordingly, the petition to confirm the arbitration award is granted.

Petitioner also moves for an award of attorney's fees for the confirmation proceeding. Petitioner requests $4,080 for 10.2 hours of work, calculated at an hourly rate of $400. See Memorandum of Law in Support of Petitioner's Request for Attorneys' Fees and Expenses (ECF No. 6). "Pursuant to its inherent equitable powers, . . . a court may award attorney's fees when the opposing counsel acts in bad faith, vexatiously, wantonly, or for oppressive reasons." Int'l Chem. Workers Union (AFL-CIO), Local No. 227 v. BASF Wyandotte Corp., 774 F.2d 43, 47 (2d Cir. 1985). "As applied to suits for the confirmation and enforcement of arbitration awards, . . . when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may be properly awarded." Id. We find that an award of reasonable fees and costs is justified. Despite the CBA requiring arbitration of disputes arising under the agreement, Showtime failed to participate in the arbitration proceeding, failed to pay the

arbitration award, and has not appeared in this action before the Court. Based on Showtime's refusal to abide by the arbitrator's decision, we grant the award of attorney's fees and costs.

Despite our finding that a grant of attorney's fees is warranted, we find that petitioner's counsel's requested hourly rate is excessive. Although petitioner's counsel requests an hourly rate of $400 in this matter, Teamsters was billed at a rate of $275. See ECF No. 7-1. Teamsters' counsel provides no case law indicating why the Court should grant petitioner's counsel a windfall rather than compensating the petitioner for the additional fees incurred because of respondent's default, and thus we reject the application for an hourly rate of $400. Thus, we grant an award of attorney's fees in the amount of $2,805 as well as costs for petitioner's filing fee in the amount of $400.

Petitioners also seek pre and post-judgment interest on the award. See Petition at 7. The decision to award pre-judgment interest in arbitration confirmation is left to the district court. See Salus Capital Partners, LLC v. Moser, 289 F. Supp. 3d 468, 483 (S.D.N.Y. 2018). In this context, "there is a presumption in favor of prejudgment interest." Id. (internal quotation marks and citation omitted). "[T]he common practice among courts within the Second Circuit is to grant interest at a rate of nine percent per

annum—which is the rate of prejudgment interest under New York State law, N.Y. C.P.L.R. §§ 5001-5004—from the time of the award to the date of the judgment confirming the award." Id. Thus, this Court orders pre-judgment interest, at the rate of nine percent per annum, from May 24, 2021 to the date on which judgment is entered.

Post-judgment interest is mandatory and applies to actions to confirm arbitration awards. See 28 U.S.C. § 1961(a); Trustees for The Mason Tenders District Council Welfare Fund v. Euston St. Servs., Inc., No. 15 Civ. 6628, 2016 WL 67730, at *2 (S.D.N.Y. Jan. 5, 2016). The Court grants post-judgment interest to accrue at the statutory rate following the entry of this judgment until payment is made.

**CONCLUSION**

For the reasons stated above, we grant Teamsters' petition to confirm the arbitration award and request for attorney's fees in part. The Clerk of the Court is respectfully directed to terminate the motion pending at ECF No. 1 and to close the case.

**SO ORDERED.**

Dated:   New York, New York
         June 6, 2022

_____
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE